# BRADFORD v. BROWN.

---

JUSTICES OF THE PEACE; CERTIORARI; FOREIGN ATTACHMENT.

1. One of several defendants before a justice of the peace cannot defeat the right of his codefendants to remove the case by certiorari to the supreme court of the District of Columbia under § 8, District of Columbia Code, on the ground of concurrent jurisdiction, by refusing to join in the application for the writ.

2. If judgment has been rendered against one of several defendants by a justice of the peace by confession or otherwise, before an application for certiorari by his codefendants to remove the case to the supreme court of the District of Columbia on the ground of concurrent jurisdiction, he is not entitled, and cannot be required, to join in the application for the writ, as the case is no longer pending for trial against him.

3. Where a suit instituted before a justice of the peace is removed by certiorari to the upper court, it becomes a case pending in the latter court, as fully and to all intents and purposes as if it had been originally instituted in that court.

4. Where a case pending before a justice of the peace is removed by certiorari by three of four codefendants to the supreme court of the District of Columbia on the ground of concurrent jurisdiction before process has been served on the other defendant, he may be brought into that court by process issuing therefrom and returnable thereto; and after such removal, if such defendant is a nonresident, an attachment before judgment will lie against his property, including real estate, in this jurisdiction, under District of Columbia Code, § 445, on the ground that he is a nonresident and a defendant in an action pending in the supreme court of the District of Columbia.

5. Where an attachment before judgment is issued against the property of one of several codefendants in an action pending in the supreme court of the District of Columbia on the ground that he is a nonresident, the plaintiff's bond is properly made to such defendant, and not to his codefendants.

No. 1338. Submitted October 9, 1903. Decided October 20, 1903.

HEARING on an appeal (specially allowed) by one of several defendants from an order of the Supreme Court of the District of Columbia overruling his motion to quash an attachment laid against his property in this District upon the ground of his non-residence. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout,* for the appellant:

1. The appeal presents several very interesting questions, arising mainly upon the construction of recent legislation, and which it is very important should be correctly settled as prompt-

ly as possible. The first question obviously is, whether, where an action is brought before a justice of the peace against four persons, three of whom are served with process, and one of whom, being a nonresident, is not served and does not appear, and where the three persons served afterwards file a petition for a writ of certiorari on the ground of concurrent jurisdiction, in which the defendant not served does not unite, the effect of the issuance of the writ would be to remove the case from the justice of the peace as against the defendant who has taken no part in procuring such removal. It would seem that the statement of this proposition is to answer it, because it is respectfully submitted that it would violate every known principle of proper judicial procedure to contend that a person not served, who does not appear, and who takes no part in an application for removal, is in anywise affected by such removal. If it be true that the case before the justice of the peace has never been removed in so far as Bradford, the appellant, is concerned, then it follows that no writ of attachment could validly issue against his property in the supreme court of the District of Columbia for at least two reasons: (1) Because a justice of the peace has no power, under the provisions of the Code, to issue a writ of attachment which is to be levied on real estate; and (2) because the case not being in the supreme court of the District of Columbia as against Bradford, the filing in that court of affidavits and bond for attachment was wholly inoperative and ineffectual to confer any jurisdiction upon that court to issue a writ of attachment.

2. Without admitting the removal, but insisting that the case remains before the justice of the peace, it is further submitted that, if it could be held that the proceeding had been removed as against Bradford, nevertheless the proceeding, when removed, remains a proceeding before a justice of the peace, subject to all the limitations of the jurisdiction of such justice, as will appear by the language of the Code; and justices of the peace are without authority to issue writs of attachment to be levied on real property.

This is apparent from the provisions of § 29, D. C. Code,

which provides for docketing judgments of justices of the peace in the supreme court of the District of Columbia, and § 1081, which provides that executions issued by justices of the peace shall not be levied on real estate.

3. Even if the foregoing contentions were incorrect, the attachment should have been quashed, because the bond, by its terms, runs to Bradford only, when the settled doctrine is that the bonds should run to all the defendants. Drake on Attachments, § 124; *Hadley* v. *Byars,* 58 Ala. 139.

*Mr. A. A. Birney* and *Mr. Joseph H. Stewart,* for the appellee:

1. The writ of certiorari removed the entire record from the justice of the peace, leaving nothing there to be prosecuted. After a certiorari is allowed all subsequent proceedings before the justice of the peace are void. 4 Enc. Pl. & Pr. pp. 205, 207, 208; *Ewing* v. *Thompson,* 43 Pa. St. 372. There remained, then, nothing before the justice of the peace on which he might have proceeded against Bradford or any other defendant. There was but one record, and that was taken from him. It is immaterial that Bradford did not join in the petition for certiorari; for that writ may be obtained by any party to a proceeding, or even by one who is directly and immediately interested, *though not a party.* Bath Bridge Co. v. *Magown,* 8 Me. 292; *People* v. *Andrews,* 52 N. Y. 445; *Wilson* v. *Bartholomew,* 45 Mich. 41; *Thompson* v. *School District No. 6,* 25 Mich. 483; 4 Enc. Pl. & Pr. pp. 167, 168. If improperly issued, the remedy is by motion to quash the certiorari, and this course was open to Mr. Bradford, but was not taken.

2. The record having been removed into the supreme court for trial on its merits, it became an action at law, pending in that court, for the recovery of a debt, as much as if the original writ had been sued out in that court; and the plaintiff had the right to an attachment against the nonresident Bradford upon complying with the requirements of § 445, Code D. C. It would seem absurd that the supreme court, having jurisdiction

to attach land, should not exercise that jurisdiction in a cause wholly within its control, because a justice of the peace may attach only personalty.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case is brought into this court by special appeal. The appeal is taken from an order refusing to quash an attachment issued out of the supreme court of the District of Columbia by the appellee, Robert W. Brown against the appellant James T. Bradford, who is a nonresident of the District of Columbia, and which attachment was levied upon certain real estate of the appellant situate in this District. The facts of the case are shown to be these:

The cause of action upon which the proceeding is founded is a claim for money deposited by the plaintiff Robert W. Brown with the defendants Leonard C. Bailey, John A. Pierre, Winfield S. Montgomery, and James T. Bradford, under the name of the Capital Savings Bank, to the amount of $199.63, with interest thereon from January 27, 1902. Prior to January 3, 1903, Brown, the appellee, instituted a suit before a justice of the peace of this District, against the four persons named, to wit: Bailey, Pierre, Montgomery, and Bradford, to recover the claim stated. The appellant Bradford, being a nonresident of this District, was not served with process, and did not appear; but the other three defendants were served with process, and appeared to the action pending before the justice. The three defendants thus served with process and appearing to the action, on February 3, 1903, filed a petition in the supreme court of the District of Columbia, under § 8 of the Code of the District, upon the ground of concurrent jurisdiction, for a certiorari, denying the claim of the plaintiff and claiming the right of trial by jury. In this application, Bradford did not, in terms, unite. Upon this application the writ of certiorari was issued, and the justice, in obedience to the writ, returned into the supreme court of the District the entire proceeding as instituted and then pending before him, without severance of Bradford, the defendant,

who had not been served with process, and who did not, by name, join in the application for the certiorari.    Upon the return of the justice, the cause acquired a standing in the supreme court of the District as if it had been originally instituted therein.

Section 7 of the Code of this District provides, that trial by jury before justices of the peace shall be abolished; and by § 8 it is provided, that the supreme court of the District, in general term, shall make rules regulating the practice and pleading before justices of the peace, and in relation to appeals from their judgments, not inconsistent with law, and may alter and amend the same from time to time, and shall also fix the fees to be charged by said justices of the peace, and alter them from time to time as justice may require: *Provided,* that in all cases of concurrent jurisdiction the defendant may remove the case *for trial* into the supreme court of the District by writ of certiorari, to be awarded by said court, or one of the justices thereof, upon a petition under oath, the form and substance whereof shall be prescribed by said court.    And § 9 declares that "The said justices of the peace shall have jurisdiction in all civil cases in which the amount claimed to be due for debt or damages arising out of contracts, express or implied, or damages for wrongs or injuries to persons or property, does not exceed $300, including all proceedings by attachment;  \*  \*.  \*    and said jurisdiction shall be exclusive when the amount claimed for debt or damages or the value of personal property claimed, does not exceed $50, and concurrent with the said supreme court when it exceeds $50."

The amount claimed in this case gave concurrent jurisdiction to the justice of the peace with the then and still existing jurisdiction of the supreme court of the District; and when the case was brought into the supreme court by certiorari, it was then, and from thence became, a case pending in the supreme court, as fully and to all intents and purposes as if it had been originally instituted in that court.    The manifest object of extending the jurisdiction of the justice of the peace, to be exercised in cases concurrently with the jurisdiction of the supreme court of the District, was to avoid the delays and greater expense at-

tending the litigation in the latter court; and no construction should be placed upon the provisions of the Code that would defeat the objects in view, by multiplying litigation by severing defendants in joint actions, or by increasing the cost of proceeding. The statute certainly never contemplated the separate and independent right of each and every defendant, no matter how many, to apply for and have removed by certiorari into the supreme court the original case pending before the justice of the peace, by piecemeals, and at different stages of the proceeding, and thus make several cases in the supreme court of the one that was pending before the justice; or to leave a part of a pending case to be tried by the justice, while another part is taken into the supreme court for trial. This was clearly not the design of the authors of the Code. The certiorari when granted operates upon and requires to be returned into the supreme court for trial there the entire case pending before the justice, and this whether all the defendants have been served with process or not. From the time that the certiorari issues and is served upon the justice the latter ceases to have right to exercise further jurisdiction in the premises,—his sole duty being to remove the case as required by the writ. If further process be required to secure the appearance of parties, or otherwise, such process must issue from and be returned to the supreme court. It is the right, however, of any defendant to confess judgment, if he thinks proper so to do, before the case is removed and while it is pending before the justice; and having done so he could not be required to join in the application for certiorari. But it is the right of each and all of the defendants to have trial by jury, and it is not within the power of any one or more of the defendants to deprive a codefendant of that right by refusing to join in the application for the writ of certiorari, or to defeat the right of removal of the case by declining to join in such application. If judgment has been rendered against any of the defendants before the application for certiorari is made, then the case is not pending for trial as against such defendant, and he is not, therefore, required or entitled to join in such application. But a defendant who has not been served with process is not in any such

position to be omitted from the further prosecution of the action to judgment in the supreme court. It is the right of the plaintiff to have the pending case removed for trial as he has instituted it; and not to be required to pursue a divided action in different jurisdictions in order to obtain judgment.

The case having been thus rightfully removed into the supreme court, the action was thenceforth pending therein; and the attachment was properly issued against the defendant Bradford as a nonresident debtor, under §445 of the Code. The ground assigned for quashing the attachment, *viz*: that the case had not been removed into the supreme court as against the defendant Bradford, and that the case was still pending before the justice as to him, and from which jurisdiction there is no power to issue an attachment to affect real estate, is, as we have shown, an untenable ground for quashing the attachment. The party is a nonresident, and a defendant in the pending action in the supreme court of the District. There is, therefore, no question of jurisdiction involved. All the requirements of § 445 of the Code appear to have been complied with, as the foundation for issuing the attachment. The supposed defect in the bond given upon the issuing of the attachment is clearly without legal foundation. The attachment was issued as against Bradford only, a nonresident, to be levied upon his goods and chattels, lands and tenements, in this District, and not upon the goods and chattels, lands and tenements, of any other defendant in the action. Therefore the bond was properly made to Bradford, the alleged nonresident debtor, and not to the other defendants against whom the attachment did not issue.

Finding no error, the order appealed from must be affirmed; and *it is so ordered.* *Order affirmed.*